IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER C. LIVELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:12-CV-795-TMH |
| | ) [WO] |
| SHERIFF WALLY OLSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Dale County Jail located in Ozark, Alabama, filed this 42 U.S.C. § 1983 action on September 13, 2012. The complaint alleges various unconstitutional conditions of confinement at the Dale County Jail as well as improper appropriation of funds by jail staff. Plaintiff names as defendants Sheriff Wally Olsen, Lieutenant Ron Nelson, Sergeant G. Tucker, and Correctional Officer Joshua McVickers. As relief, Plaintiff requests an award of damages. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint against Defendant McVickers prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Plaintiff complains that Defendant McVickers violated his right to equal protection

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

when he embezzled funds from a bank account Plaintiff maintains in Texas. After an investigation, Plaintiff asserts that Defendant McVickers was arrested and terminated from his job.  (*Doc. No. 1 at 3*.)

To establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest.  *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 932-33 (11th Cir. 1986).  Additionally, to succeed on an equal protection challenge, a plaintiff must prove the existence of discriminatory intent; arbitrary action by prison officials without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause.  *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1112-14 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Mere differential treatment of individuals, without more, fails to allege a violation of the Equal Protection

Clause.  *E & T Realty Company*, 830 F.2d at 1112.

Plaintiff does not allege that the treatment about which he complains occurred due to any act of discrimination, or that the action to which he was subjected was based on any constitutionally protected interest.  Based on the foregoing, the court concludes that Plaintiff has failed to state a viable equal protection claim against Defendant McVickers.  Plaintiff's complaint against this defendant is, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that Plaintiff's claim against Officer McVickers is actually a claim that the officer improperly appropriated funds from Plaintiff's bank account, all the Due Process Clause requires is the availability of an adequate post-deprivation remedy.  *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986); *Tinney v. Shores,* 77 F.3d 378, 382 (11th Cir. 1996); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property.  *Ala. Code* § 41-9-60, *et seq*.  Plaintiff's allegation that his constitutional rights were violated by the improper taking of and/or failure to return his property, whether such was the result of negligence or an intentional act, is thus, "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant McVickers be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(I-ii);

2. Defendant McVickers be DISMISSED as a party to the complaint;

3. This case with respect to the remaining defendants be referred back to the undersigned.

It is further

ORDERED that Plaintiff may file any objections to the Recommendation on or before **October 4, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

DONE, this 20th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE