IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. LIVELY, #291 731, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-795-WHA |
| | ) | [WO] |
| SHERIFF WALLY OLSENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff complains that Defendants were deliberately indifferent to his medical needs by failing to provide him access to medical care by the Veteran's Administration. [1] Plaintiff further complains that Defendants subjected him to cruel and unusual punishment by denying him a shower chair and shower attachment and by making him sleep on the floor.[2] Plaintiff names as defendants Sheriff Wally Olson, Lieutenant Ron Nelson, and Sergeant Gary Tucker.[3] Plaintiff seeks damages for the alleged violations of his constitutional rights. *Doc. Nos. 1, 9.*

Defendants filed an answer, special report, supplemental special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants argue that this case is due to be dismissed because, prior to filing this cause of action, Plaintiff failed to exhaust an administrative remedy available to him at the Dale County Jail regarding the

---

[1] Plaintiff indicates that he is a disabled combat-wounded veteran who suffers from various physical and mental injuries including a "unapalegic [sic] left leg." *Doc. No. 9.*
[2] Since filing this action, Plaintiff has been transferred to the custody of the Alabama Department of Corrections.
[3] Plaintiff also named Officer Joshua McVickers as a defendant. Pursuant to the prior orders, opinions, and proceedings of the court, Plaintiff's claims against this defendant were dismissed. *See Doc. Nos. 8, 12.*

claims in the complaint. *Doc. No. 17* at 6, 7. Defendants base their exhaustion defense on Plaintiff's failure to file a grievance and/or grievance appeal regarding the claims. *Id*.

The court provided Plaintiff an opportunity to file a response to Defendants' report, as supplemented, in which he was advised to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Doc. No. 22* at 1; *Doc. No. 39*. Plaintiff filed responses to Defendants' special report, *Doc. Nos. 24, 26, 28*, but filed no response to Defendants' supplemental special report within the time allowed by the court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant'" "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendants' report, as supplemented, as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court),

*modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the

pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record.  *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

Upon review of the complaint, Defendants' dispositive motion and Plaintiff's responses, the court concludes that Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Plaintiff challenges the conditions to which he was subjected while incarcerated at the Dale County Jail. According to the complaint, the conduct that he complains of began on or around March 28, 2012.[4]  *Doc. Nos. 1, 9.* In response to the complaint, Defendant asserts that this case should be dismissed because Plaintiff failed to exhaust the administrative remedy provided at the Dale County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  *Doc. No. 17.*

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

---

[4] Defendants Tucker and Nelson affirm that Plaintiff was booked into the Dale County Jail on March 28, 2012.  *Doc. No. 17, Nelson and Tucker Affidavits.*

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings... . Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (*per curiam*).

It is undisputed that the Dale County Jail provides an administrative remedy procedure for inmate complaints in the form of an inmate grievance procedure. *Doc. No. 17, Olson, Nelson, and Tucker Affidavit, Doc. No. 20, Exh. D.* Defendants state that, when they are booked, inmates receive a copy of the Inmate Handbook which explains the administrative remedy policy and procedures including information about how to appeal a response to a grievance. *Id.* Copies of the inmate handbook are also maintained in the dayroom of the jail's housing units. *Id.* The grievance procedure allows an inmate to submit inmate requests/grievances to jail personnel regarding matters/conditions at the jail. *Doc. No. 20, Exh. D.* The relevant portion of the administrative remedy procedure provides that an inmate may request inmate request forms from jail staff. *Id.* Grievances are investigated and answered by the Chief Jailer. *Id.* If an inmate is not satisfied with the first action of the Chief Jailer, he may appeal to the Chief Jailer for reconsideration. *Id.* If the inmate is not satisfied with the action of the Chief Jailer after reconsideration, he may appeal in writing to the Sheriff, who is the final source of the administrative appeal. *Id.* The grievance policy further informs inmates that they may pursue legal recourse regarding the issue grieved if they wish to challenge the final appeal decision of the Sheriff. *Id.*

Thus, the record establishes that the Dale County Jail provides an administrative remedy procedure for inmate complaints which is available to all jail inmates, including to Plaintiff during his confinement at the facility during the relevant time period. Plaintiff does not dispute the availability of a grievance procedure at the jail.

The grievance procedure allows an inmate to file a grievance addressing actions occurring or conditions present in the facility by submitting an inmate request form and stating the basis for the grievance. Defendants indicate that they received inmate request forms from

6

Plaintiff regarding his requests for a shower chair and his desire for transport to the Veteran's Hospital for medical treatment to which they promptly and adequately responded. *Doc. No. 20, Exh. E*; *Doc. No. 17, Olson, Nelson, Tucker Affidavits.* Defendants further maintain that Plaintiff's jail file contains no appeal of a response he received to these grievances. *Id.*

Regarding his failure to file a grievance in accordance with the grievance procedure, Plaintiff contends that inmates in the Dale County Jail are not made aware of the facility's administrative grievance procedure because they receive no copy of the inmate handbook when booked into the jail.[5] *Doc. No. 24.* He concedes that inmate rules and regulations are posted in the housing units but claims that the information does not make inmates aware of a grievance procedure. *See id. at Attachment 1 of 2.* Notwithstanding the foregoing, Plaintiff maintains that he followed the grievance procedure when he "created [his] own channel to file grievance" by serving a complaint/grievance on Defendants and by mailing a grievance appeal to Defendant Olson. *Id. and Exh. B, Doc. No. 26.* Finally, Plaintiff asserts that, contrary to Defendants' claim that all inmate requests/grievances are answered, he filed several inmate request forms that went unanswered until he filed this action. *Doc. No. 28, Exh. A.* Although Plaintiff's and Defendants' allegations conflict, Plaintiff's allegation that he was impeded in his effort to exhaust administrative remedies is assumed to be true for purposes of this Recommendation. *Turner v. Burnside, supra*.

The court turns to the second *Turner* step, at which Defendants bear the burden of showing a lack of exhaustion. Defendants' evidence establishes that the Dale County Jail provides a procedure for inmates who wish to submit a grievance regarding conditions at the

---

[5] Plaintiff also attempts to support this assertion by listing within his opposition the names of several inmates whom he claims swear under oath as to the lack of distribution and availability of an inmate handbook at the Dale County Jail. *Doc. No. 26.* This is not admissible evidence that the court can consider. *See* 28 U.S.C. § 1746; *see also* Fed.R.Civ.P. 43(c).

Dale County Jail. Inmate request forms are available to inmates at the jail, inmate grievances are investigated and answered, and if the inmate is dissatisfied with the response he or she receives, the inmate may appeal the response by seeking reconsideration, and if not satisfied after seeking reconsideration, may appeal in writing to the Sheriff of Dale County who represents the final step in the administrative appeal. Plaintiff's evidence has not successfully rebutted this showing that an administrative remedy process was available at the Dale County Jail during the time of his incarceration, and his representation that he was unaware of the grievance process at the Dale County Jail is contradicted by the record. First, in the brief filed to support his complaint, Plaintiff avers that he submitted inmate request forms to be taken to the Veteran's Hospital and that Defendants denied the requests. *Doc. No. 9* at 2.  He maintains that all Defendants knew of these requests because he had gone through the proper grievance procedure. *Id.* at 2-3. Second, despite claiming an unawareness of an administrative remedy procedure, approximately one week prior to filing this action, Plaintiff decided to "create[] his own [grievance] channel" by writing a complaint/grievance to the attention of all Defendants, followed by preparation of a complaint/grievance "appeal" three days later which he allegedly mailed to the Sheriff. *Doc No. 24, Exhs. B, C.* Finally, Plaintiff has submitted copies of inmate request/grievance forms which he claims went unanswered until August 24, 2012, after he filed the instant complaint. *Doc. No. 28, Exh. A.* Plaintiff, however, does not dispute Defendants' evidence that eight of the ten inmate request forms he contends went unanswered were not, in fact, ever submitted to any jail official at the Dale County Jail in accordance with the facility's grievance procedure.[6] *Doc. No. 38, Nelson Affidavit.*

---

[6]      Defendants note that inmates may ask for an inmate request form at any time; however, the jail maintains no log reflecting distribution of the forms to inmates.  *Doc. No. 38, Nelson Affidavit.*

Thus, the record reflects that from the outset of his complaint, Plaintiff was aware of a grievance procedure at the Dale County Jail. *Doc. No. 9*. However, Plaintiff "created his own channel to file grievance" rather than exhausting properly within the appropriate channels of the administrative remedy available to him. *Doc. No. 24; see Woodford*, 548 U.S. 84-851 (to exhaust administrative remedies, an inmate must comply with all steps prescribed by the jail's grievance system); *see also Twitty v. McCoskey,* 226 Fed.Appx. 594, 596 (7th Cir. 2007) (inmate failed to avail himself of the administrative remedies which existed to redress his claims where he made his complaints "outside the channels of the [jail's formal] grievance procedure."); *Brewington v. Daniels*, 2012 WL 6005780 *4-5 (M.D. Ala. 2012)(inmate's conclusory assertion that he complied with grievance procedures but medical staff failed to timely respond to his initial medical grievance insufficient to overcome Defendants' evidence showing that a grievance system was available for Plaintiff's claims). Defendants did not receive a proper appeal of the responses they provided to the inmate request forms that Plaintiff actually filed. Doc. Nos. 17-1, 17-2, 17-3; *see Maclary v. Carroll*, 142 Fed.Appx. 618, 620 (3rd Cir. 2005)(inmate's unsupported conclusory allegations that he filed grievances which went unanswered and unprocessed were insufficient to overcome defendants' evidence that he failed to exhaust available administrate remedies).

Accordingly, the court concludes that Plaintiff failed to exhaust administrative remedies regarding the claims presented in this action and/or failed to demonstrate he was denied access to those administrative remedy procedures. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The pleadings filed by Plaintiff further establish that since

filing this cause of action he has been transferred to the state prison system. It is, therefore, clear that Plaintiff's access to the administrative remedy provided by Defendants is no longer available to him. The court concludes that Plaintiff's complaint is subject to dismissal with prejudice as he failed to exhaust properly an administrative remedy available to him which is a precondition to proceeding in this court on this claim. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable). Defendants' motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion to dismiss (*Doc. Nos. 17, 24*) be GRANTED to the extent that Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy available to him at the Dale County Jail prior to initiating this cause of action;

2.  This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Dale County Jail; and

3. No costs be taxed.

It is further

ORDERED that **on or before September 3, 2015**, the parties may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982*). See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 20th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE